IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| BRAD LISTON, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>JULIEN'S PEST CONTROL dba EVOLVE PEST CONTROL, a Nevada limited liability company; NEPHI JULIEN, an individual; and SHAD TEERLINK, an individual,<br><br>                  Defendants. | **ORDER AND MEMORANDUM DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00060<br><br><br>District Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Plaintiff Brad Liston has moved for partial summary judgment against Defendants Evolve Pest Control (Evolve) and Evolve's members, Nephi Julien and Shad Teerlink. (ECF No. 46.) While Mr. Liston brought claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress, he has only moved for summary judgment on the breach of contract claim. The court held a hearing on Mr. Liston's motion on September 20, 2023. Having considered the parties' briefing, the relevant law, and the parties' arguments, the court grants Mr. Liston's motion.

## BACKGROUND

Mr. Liston and Evolve entered into a Sales Representative & Independent Contractor Marketing Deal Agreement (Agreement) on May 16, 2020. (Decl. Brad Liston, ECF No. 46 at 14 ¶ 1.[1]) Under the Agreement, Mr. Liston would work as a Sales Representative for Evolve selling pest control services in the Dallas-Fort Worth area for about five years. (Agreement, ECF

---

[1] Mr. Liston's motion and declaration were docketed together at ECF No. 46. Citations are to PDF pages rather than internal document pages.

No. 10-1 at 2, 6; see Liston Decl. at 14 ¶ 2 (stating that the Agreement's term was from January 1, 2021, through August 31, 2025).) Mr. Liston succeeded as a Sales Representative, and Evolve appointed him to be a Sales Representative Manager for the 2021 sales season. (Liston Decl. at 14 ¶ 3.) As Sales Manager, Mr. Liston recruited and trained a team of nine independent contractors for Evolve. (ECF No. 46 at 2.)

In 2021, Mr. Liston generated $362,491 in revenue for Evolve through personal sales. (Liston Decl. at 15 ¶ 5.) The Agreement required Evolve to pay Sales Representatives 60% commission on all of their qualifying personal sales, plus $100 per sale serviced during each payroll period. (Id. at 14 ¶ 4; ECF No. 10-1 at 7.) Sixty percent commission on $362,491 is $217,494.60. (Liston Decl. at 15 ¶ 6.) Subtracting the $46,300 Evolve already paid Mr. Liston—representing $100 per sale he serviced during the 2021 payroll period—Mr. Liston claims that Evolve owes him $171,194.60 in damages. (Id. at 15 ¶¶ 8–9.)

## LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that might affect the outcome of the case. Birch v. Polaris Indus., Inc., 812 F.3d 1238, 1251 (10th Cir. 2015) (citation omitted). Once the movant shows there is an absence of a genuine dispute of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[W]hile [courts] draw all reasonable inferences in favor of the non-moving party, 'an inference is unreasonable if it requires a degree of speculation and conjecture that renders [the factfinder's] findings a guess or mere possibility.'" GeoMetWatch Corp. v. Behunin, 38

F.4th 1183, 1200 (10th Cir. 2022) (quoting Pioneer Ctrs. Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A., 858 F.3d 1324, 1334 (10th Cir. 2017)).

## ANALYSIS

To prevail on a breach of contract claim in Nevada,[2] a party must show "1) the existence of a valid contract, 2) a breach by the defendant, and 3) damage as a result of the breach." Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citation omitted). The parties agree that the Agreement was a valid contract. (ECF No. 46 at 5; Opp'n to Mot. Partial Summ. J., ECF No. 48 at 9.) The other two elements are disputed.

### I.  Breach by Defendants

"Failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract." Saini, 434 F. Supp. 2d at 923 (citation omitted). To determine whether a party has breached, the court first looks at whether the contract's language is clear and unambiguous. Mendenhall v. Tassinari, 403 P.3d 364, 373 (Nev. 2017). If the language is clear and unambiguous, the contract will be enforced as is. Id. In construing a contract, every word must be given effect, and no provision shall be made meaningless. Id.

Defendants breached the Agreement when they failed to pay Mr. Liston 60% commission on his qualifying personal sales. In Section 3, the Agreement states that "Evolve Pest Control shall pay Sales Rep the commissions and bonuses set forth in … Exhibit B." (ECF No. 10-1 at

---

[2] The parties agree that Nevada law applies. This case was brought in the District of Nevada before it was transferred to this district. (Order Granting Stipulation to Transfer Action to District of Utah, ECF No. 30.) The District of Nevada was a proper venue for this action because Defendants reside in and are citizens of Nevada. See 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the [s]tate in which the district is located."). Where original venue is proper, and the parties jointly stipulate to change venue under 28 U.S.C. § 1404, courts typically apply the law of the transferor court. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515–16 (10th Cir. 1991).

3.) Exhibit B provides that "60% commission will be paid for all qualifying personal sales. $100 will be paid per sale serviced during each payroll period." (Id. at 7.) But "[i]f Sales Rep terminates th[e] Agreement and does not work the dates required by th[e] Agreement, Sales Rep will receive a maximum of their up front pay per each qualifying, active, paying sale and forfeits all overrides and bonuses." (Id. at 3.) This means that even if Mr. Liston terminated the Agreement,[3] whether Defendants breached depends on if the commission Mr. Liston is asking for qualifies as "up front pay" or if it is forfeited as an "override" or "bonus." Whether Mr. Liston terminated the Agreement is therefore not material.

The Agreement does not define "up front pay." (ECF No. 10-1.) Yet the Agreement's language is clear and unambiguous that "commissions" and "overrides" are different. (See ECF No. 10-1 at 7 ("70% of the total remaining commission and calculated overrides owed will be paid on November 20th, of each year.") (emphasis added).) Exhibit B references Exhibit C for "[m]arketing [d]eal [o]verrides." (Id. at 7, 9.) Exhibit C clarifies that the "calculated overrides" Exhibit B mentions are the "[m]arketing [d]eal [o]verrides." (Id.) These "overrides" allow Sales Representatives who manage salespeople to receive "55%[] commission on all current active annual service contracts sold by salespeople who work under or for Sales Rep …." (Id. at 9.) This is consistent with the definition of an override agreement: "a contract between a sales

---

[3] The parties dispute how the Agreement was terminated. Mr. Liston maintains that he did not terminate the Agreement and that Evolve let him and his team go without warning. (ECF No. 46 at 10 n.1.) Defendants argue that Mr. Liston terminated the Agreement and, as a result, is not entitled to damages. (ECF No. 48 at 8.) In support of his contention that he did not terminate the Agreement, Mr. Liston attached statements of former co-workers accounting for Evolve's termination without warning in July 2021 to his complaint. (Aron Pierce Statement, ECF No. 1-2; Wilder Parkhurst Statement, ECF No. 1-3.) At the same time, Mr. Liston attached an email from Defendant Shad Teerlink dated September 1, 2021, confirming that Mr. Liston's contract with Evolve "is now recognized as fully terminated by [Mr. Liston]." (Email from Shad Teerlink to Brad Liston dated Sept. 1, 2021, ECF No. 1-5.)

manager and a sales representative that provides that a commission be paid to the manager of sales."[4]  It is these calculated overrides in Exhibit C that are forfeited if a Sales Representative terminates his or her Agreement, not the 60% commission set forth in Exhibit B.

Defendants argue that the "$100 … paid per sale serviced during each payroll period" constitutes "up front pay," but the "60% commission … paid for all qualifying personal sales" does not.  (ECF No. 10-1 at 7.)  The court finds that there is no basis for this distinction, as both types of commission are listed in Exhibit B under a "[c]ommission" heading.  (Id.)  Defendants' distinction is additionally inconsistent with their argument that the court must use the plain meaning of "up front pay[,]" which is paid or payable in advance, to decide what qualifies as "up front pay[.]"  (ECF No. 48 at 10.)  The amounts owed to Sales Representatives for both types of commission depend on qualifying sales and are therefore determined after-the-fact, not paid "in advance."  (See ECF No. 10-1 at 3 (stating that "up front pay" is determined "per each qualifying, active, paying sale").)

## II.     Damages as the Result of the Breach

Damages as the result of Defendants' breach are not disputed.  Both parties agree that Mr. Liston generated $362,491 in revenue for Evolve in the 2021 sales season.  (Liston Decl. at 15 ¶ 5; ECF No. 48 at 6.)

While Defendants argue that Mr. Liston's claimed damages might be too high, they have not presented any evidence showing that they should be reduced.  Section 3 of the Agreement provides that Evolve "may seek a refund … of any commissions or bonuses paid to Sales Rep that are subsequently determined by Evolve Pest Control not to be due[.]"  (ECF No. 10-1 at 3.)

---

[4] Override Agreement, Contracts Counsel (last visited Oct. 24, 2023), https://www.contractscounsel.com/t/us/override-agreement#toc-what-is-an-override-agreement-.

"Commissions will not be due on Sales that are not collected by Evolve Pest Control due to non-payment or that are later determined to have been made using unethical sales practices[.]"  (Id.) Defendants have presented only speculation that Mr. Liston's claimed damages can be reduced because of one of the above determinations.  And at summary judgment, "[f]or there to be a genuine dispute of fact, there must be more than a mere scintilla of evidence."  GeoMetWatch Corp., 38 F.4th at 1200 (citation omitted).

Because Defendants failed to raise a genuine issue of material fact on the three breach of contract elements, the court finds that Mr. Liston is entitled to summary judgment on this claim.

## CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS Mr. Liston's motion for partial summary judgment (ECF No. 46) and awards him $171,194.60 in damages on his breach of contract claim. Within 10 days of this order, counsel for Mr. Liston must notify the court whether he intends to pursue his causes of action for fraud, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.  If Mr. Liston does not intend to pursue them, counsel for Mr. Liston is directed to submit to the court a notice voluntarily dismissing those claims.

DATED this 24th day of October, 2023

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge